NEW YORK STATE SUPREME COURT
NEW YORK COUNTY

---

MT. HAWLEY INSURANCE COMPANY,

                Plaintiff,

v.

WHITEHALL CONDOMINIUMS OF THE
VILLAGES OF PALM BEACH LAKES
ASSOCIATION, INC. and
GRS MANAGEMENT ASSOCIATES, INC.,

                Defendants.

Index No.: _____

**COMPLAINT**

---

Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley"), by its attorneys, Delahunt Law PLLC, as and for its Complaint against defendants Whitehall Condominiums of the Villages of Palm Beach Lakes Association, Inc. ("Whitehall") and GRS Management Associates, Inc. ("GRS") alleges as follows:

    1.    Mt. Hawley is an Illinois corporation with its principal place of business in Illinois.

    2.    At all relevant times, Mt. Hawley was engaged in certain insurance business in New York State on a non-admitted basis, including issuance of the policy alleged herein.

    3.    Whitehall is a foreign corporation.

    4.    GRS is a foreign corporation.

    5.    Whitehall and GRS are subject to personal jurisdiction in New York pursuant to New York General Obligations Law sections 5-1401 and 5-1402.

    6.    At all relevant times, Whitehall was the entity responsible for the maintenance, insurance, management, and operation of a condominium complex located at or near 2771 Village Boulevard, West Palm Beach, Florida.

7. At all relevant times, GRS was Whitehall's exclusive manager for Whitehall's business affairs and the complex.

8. At all relevant times, Whitehall contracted with West Boca Irrigation Inc. ("WBI) for lawn sprinkler services on the complex grounds, including:

> Check all time clock settings. The controller will be checked to ensure the time clock has the correct time of day, that the time clock is programmed properly to present weather conditions or current water restrictions, and that the valves are opening and closing properly from their respective time clock.
>
> Check all lawn sprinkler heads for proper adjustment to maintain efficient operation. All lawn sprinkler head nozzles will be cleaned where needed. Nozzles will be replaced if malfunctioning, broken, or missing. All lawn sprinkler heads will be repaired or replaced where malfunctioning, broken, or missing. Lawn sprinkler heads will be changed, repaired, or relocated to provide coverage to deficiently irrigated areas as needed.
>
> Repair all lawn sprinkler system zone pipes under and above ground during inspection excluding mainline. Check pumps for leaks, excessive noise, and pressure switch adjustments...
>
> ... Any repairs that are needed will be reported following the inspection along with a written estimate...

9. On April 3, 2023, Carmen Louis was injured and subsequently died in an accident on or near the complex.

10. Michael Bullen was injured in the same accident.

11. Ms. Louis's personal representative and Mr. Bullen have jointly commenced the action captioned <u>Dana Quamina, personal representative of the Estate of Carmen Louis, deceased, and Michael Bullen, a surviving spouse of decedent and individually v. Whitehall Condominiums Of The Villages Of Palm Beach Lakes Association, Inc., GRS Management Association d/b/a GRS Community Management, West Boca Irrigation Inc., Genda Company LLC d/b/a West Boca</u>

Irrigation, and Xernona Reid (Florida Cir. Ct. 15th Jud. Cir., Palm Beach Co. Case No. 502023CA014086XXXAMB Div: AK).

12. The Complaint in Quamina alleges, in part:

> Whitehall's Association, GRS Management, Wests Irrigation and Genda Company negligently controlled and maintained a sprinkler system located upon relevant premises. The concurrent negligence of the aforementioned entities caused "excessive lawn sprinkler-irrigation overspray" ("sprinkler overspray") on an adjacent public sidewalk, grassy area and street located in West Palm Beach. The sprinkler overspray created a zone of foreseeable risk upon an adjacent sidewalk, grassy area and street; the sprinkler overspray hindered Plaintiff's and decedents' ability to walk freely on the adjacent public sidewalk. As a direct result, the plaintiff and decedent, vulnerable pedestrians, were forced to exit a "zone that was safe upon a public sidewalk" and they were forced to walk through a "zone that was unsafe upon a public roadway during the dark in a poorly lit area".

13. The Complaint in Quamina alleges, in part:

> 18. Defendant, West Irrigation, an irrigation corporation, owed plaintiff and decedent and other pedestrians the duty to: inspect, maintain, adjust, and repair the relevant lawn sprinklers. These aforementioned duties included: wet check inspections, maintenance and/or repairs to the lawn irrigation-sprinkler system servicing the common elements situated upon the relevant premises and/or easements; the inspection schedule included: the time clock and controller settings, programming the controller in a manner that property accounts for weather conditions and restrictions, the valves, all lawn sprinkler heads (changing, repairing or relocating law sprinkler heads) to provide efficient irrigation to deficient areas, and reporting necessary repairs. The duty prohibited excessive sprinkler overspray of water upon the adjacent public sidewalk, grassy swale/parkway and/or street and/or the duty required it to warn vulnerable pedestrians about the existing perils – the dangers of walking on Village Boulevard during the dark at or near the relevant premises whenever excessive sprinkler overspray and run off occurred.

14. The Quamina complaint asserts claims for vicarious liability against Whitehall and

GRS based on WBI's acts or omissions.

15. Mt. Hawley issued Whitehall a Commercial General Liability Policy (No. MGL0195383) for the period March 1, 2023 to March 1, 2024.

16. GRS qualifies as an insured under the Mt. Hawley policy while acting as Whitehall's real estate manager.

17. Subject to all of its terms and conditions, the Mt. Hawley policy includes coverage for bodily injury liability subject to a $1 million per-occurrence limit.

18. The Mt. Hawley policy is subject to the Service of Suit and Conditions Endorsement, which states, in part:

### SERVICE OF SUIT AND CONDITIONS ENDORSEMENT

**Conditions**

1. This Policy is amended to add the following Conditions:

   **AA. Jurisdiction and Venue.** In the event of any litigation involving any matter arising out of or related to this Policy, it is agreed that the "Insured" shall submit to the jurisdiction of New York state and New York federal courts, and shall comply with all the requirements necessary to give such courts jurisdiction. Any litigation initiated by any "Insured" against the Company shall be brought only in the state and federal courts of New York. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court in that state.

   **BB. Choice of Law.** All matters arising from or relating to this Policy, including, without limitation, its procurement, formation and issuance and all matters related to the validity, interpretation, performance and enforcement of this Policy or any part of it shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).

19. The Mt. Hawley policy is subject to the Tenants and Contractors – Conditions of Coverage endorsement, which states, in part:

> We shall have no obligation to defend or indemnify any insured for any "bodily injury," "property damage," or "personal and advertising injury" arising in whole or in part or directly or indirectly from a commercial tenant's occupation, use or maintenance of any premises leased to such tenant by any insured, such tenant's operations of any kind, or work by a "contractor," regardless of whether the liability alleged against any insured is direct, vicarious, independent, or otherwise, unless each and every of the following conditions is satisfied:
>
> \* \* \*
>
> 5. Certificates of insurance are obtained from each and every "contractor" prior to commencement of such "contractor's" work listing primary commercial general liability coverage with limits equal to or greater than the limits of this policy. Certificates of insurance must be obtained showing such primary commercial general liability coverage in effect at all times during which the work is performed.
>
> 6. A written agreement is obtained from each and every "contractor" which hold harmless and indemnify each and every insured against whom the claim is made for all injuries, damages, claims, and suits arising in whole or in part or directly or indirectly from the "contractor's" work (including any work performed by the "contractor's" subcontractors or sub-subcontractors). Such agreement must expressly provide indemnification to the fullest extent permitted by law. Such agreement must be signed by the parties prior to the date of the "occurrence" or offense.
>
> 7. The written agreement required in condition 6. must require that the "contractor" obtain additional insured coverage under the "contractor's" primary commercial general liability policy for each and every insured against whom the claim is made for ongoing and completed operations. Such agreement must be signed by the parties to the agreement prior to the date of the "occurrence" or offense. Such agreement must require limits of additional insured coverage equal to or greater than the limits of this policy. Such agreement must state that the additional insured

> coverage is to be primary and noncontributory.
>
> 8. The "contractor's" primary commercial general liability insurer agrees to defend and indemnify each and every insured against whom the claim is made for the "bodily injury," "property damage," and/or "personal and advertising injury," and does so on a primary and noncontributory basis under a policy with limits equal to or greater than the limits of this policy.
>
> "Contractor" means any person or entity that any insured hires or contracts with for the performance of any work, including but not limited to, construction, renovations, maintenance, service (including, but not limited to, snow removal and landscaping), installation, repairs, or provision of security, regardless of where such work is performed, and regardless of whether such person or entity is described as a "contractor", construction manager, general contractor, subcontractor, vendor, supplier, materialman, service provider, security guard, or by any other term.
>
> In determining the applicability of and compliance with this endorsement with respect to our duty to defend or indemnify any insured, we shall have the right to examine and rely upon information and documents extrinsic to the allegations in any pleading filed in a "suit". If all the terms of this endorsement have not been complied with, we shall have no duty to defend or indemnify any entity or individual that qualifies or may qualify as an insured or additional insured under this policy.

20. The accident and injuries alleged in the Quamina action arise in whole or in part or directly or indirectly from work performed by WBI, a "contractor" as defined in the Tenants and Contractors – Conditions of Coverage endorsement.

21. Defendants failed to satisfy condition "5" of the Tenants and Contractors – Conditions of Coverage endorsement in connection with the work giving rise to the Quamina action as defendants did not obtain certificates of insurance from WBI listing primary commercial general liability coverage in effect at all times during which the work was performed.

22. Defendants failed to satisfy condition "6" of the Tenants and Contractors – Conditions of Coverage endorsement in connection with the work giving rise to the Quamina

action as defendants did not obtain from WBI a written agreement that holds harmless and indemnifies defendants for all injuries, damages, claims, and suits arising in whole or in part or directly or indirectly from WBI's work, including the failure to obtain an agreement that expressly provides indemnification to the fullest extent permitted by law and an agreement signed by the parties prior to the date of the accident alleged in the Quamina action.

23. Defendants failed to satisfy condition "7" of the Tenants and Contractors – Conditions of Coverage endorsement in connection with the work giving rise to the Quamina action as defendants failed to obtain a written agreement from WBI requiring WBI to obtain additional insured coverage under WBI's primary commercial general liability policy for defendants, including the failure to obtain an agreement signed by the parties to the date of the accident alleged in the Quamina action, the failure to obtain an agreement requiring limits of additional insured coverage equal to or greater than the limits of the Mt. Hawley policy, and the failure to obtain an stating that the additional insured coverage is to be primary and noncontributory.

24. Defendants failed to satisfy condition "8" of the Tenants and Contractors – Conditions of Coverage endorsement in connection with the work giving rise to the Quamina action as WBI's primary commercial general liability insurer has refused to defend and indemnify defendants in connection with the Quamina action, including the refusal to provide defense and indemnification for defendants on a primary and noncontributory basis.

25. As defendants failed to satisfy the Tenants and Contractors – Conditions of Coverage endorsement in connection with the work giving rise to the Quamina action, Mt. Hawley has no duty to defend or indemnify defendants in connection with the Quamina action and the accident alleged therein.

26. Mt. Hawley is entitled to judgment declaring that it has no duty to defend or indemnify defendants in connection with the Quamina action and the accident alleged therein.

**WHEREFORE**, Mt. Hawley is entitled to and demands: (1) judgment declaring that it has no duty to defend or indemnify defendants in connection with the Quamina action and the accident alleged therein; and (2) granting such other and further relief in Mt. Hawley's favor as the Court deems just and proper.

Dated: January 6, 2026

Respectfully submitted,

DELAHUNT LAW PLLC

By: _____
Timothy E. Delahunt

295 Main Street
Suite 836
Buffalo, NY 14203
Tel.: (716) 878-9178

*Attorneys for plaintiff*
*Mt. Hawley Insurance Company*